IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                      OPINION AND ORDER

                  Plaintiff,

                                                      08-cv-453-bbc

     v.

KAREN DARCY,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Default judgment was entered by the court on November 26, 2008, in this suit by the government to recover a debt for a student loan in the amount of $48,489.59 from defendant Karen Darcy, after defendant failed to appear, plead or otherwise defend. On December 17, 2008, defendant filed a "Standing Objection to US Filings," in which she accuses the Assistant United States Attorney of filing papers "based on perjury, fraud and fraud upon the court."

      As objections, defendant's filing comes too late to be considered. Had she wished to make objections to the government's complaint, she should have done so immediately after she was served with a copy of the complaint and summons. Giving defendant's filing a generous construction, however, I will treat it as a motion for relief from judgment under

1

Fed. R. Civ. P. 60(b)(3) on the basis of fraud.

This construction does not help defendant because her Standing Objection is without any legal or factual merit. She bases her claims of fraud and perjury on her nonsensical view that no lawful money of value is in circulation for private use by the public. As she says, "There are no lawful dollars out there only credit and debt ledger entries, and no one gets paid for anything with anything of valuable substance. The IRS can't tax credit, debt, or barter." Standing Objection, dkt. # 11, at 1. She goes on with her explanation of "the problem": A person getting an education loan receives a negotiable instrument that the applicant must cash at a bank where she is given Federal Reserve Notes, which are worthless." Id. at 2.

Defendant's argument is that she never became indebted to the government because she received only worthless securities rather than something of value. The argument is one that has been made over and over again in federal and state courts without success. Its flaws are obvious and numerous. Presumably, defendant used her "worthless securities" to pay tuition, to buy textbooks and cover her living expenses. To that extent, the Federal Reserve Notes had value. She never addresses that point or explains why, if Federal Reserve Notes are truly worthless, she would have any objection to turning over $48,489.59 in such notes to the government, which is all that the government is requesting.

Defendant has shown no reason to act on her Standing Objection, even if it is treated

2

as a motion for relief from judgment under Rule 60. Therefore, her motion will be denied.

ORDER

Defendant Karen Darcy's "Standing Objection to US Filings," dkt. #11, is construed as a motion under Fed. R. Civ. P. 60(b)(3) for relief from the judgment entered herein on November 26, 2008 and is DENIED as without merit.

Entered this 23d day of December, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3